IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles St. John, LLC, :
                   Appellant :
                      :
        v. : No. 1284 C.D. 2022
                      :
Matamoras Borough Council : Argued: May 7, 2024
                      :
        v. :
                      :
Pareshkumar Patel :

BEFORE: HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE STACY WALLACE, Judge

OPINION
BY JUDGE McCULLOUGH                           FILED: June 4, 2024

        Charles St. John, LLC (Appellant) appeals from the October 18, 2022 Order of the Court of Common Pleas of Pike County (trial court) which granted the Motions to Quash Appeal filed by Appellees Matamoras Borough Council (Council) and Pareshkumar Patel (Patel) in this land development case. The trial court quashed Appellant's appeal as untimely with no applicable exception to the 30-day appeal period. After careful review, we affirm.

## I. Background

        This appeal concerns a parcel of land owned by Patel located at 107 Pennsylvania Avenue in Matamoras Borough (Borough) within the General Commercial (C-2) zoning district (C-2 District) where he operates "On The Road" convenience store (Patel Property). On May 7, 2021, Patel submitted a land development application to the Borough Planning Commission (PC) concerning his

plan to expand the existing building by constructing a 5,000 square foot addition.[1] Appellant owns the property adjacent to the Patel Property and its sole owner, Robert Edward Roby (Roby), opposed approval of the plan. After completion of an extensive review process, the PC recommended approval of the land development application. The Council granted Patel's request for land development approval at its January 3, 2022 advertised public meeting subject to certain conditions and it issued its written decision on January 11, 2022 (Decision).

Three months later, on April 6, 2022, Appellant filed an appeal from the Decision in the trial court. In response, the Council and Patel filed Motions to Quash on the basis that Appellant filed the appeal well beyond the 30-day time limit set forth in Section 1002-A of the Pennsylvania Municipalities Planning Code (MPC).[2] The trial court held hearings on July 11, 2022 and August 24, 2022 at which Appellant

---

[1] The store sells retail items including beer, tobacco, candy, potato chips and cigarettes. The tobacco sales constitute an existing non-conforming use and the square footage of the tobacco use did not increase with the expansion. The trial court's order entered at a separate docket number affirming the Borough Zoning Hearing Board's (ZHB) decision concerning issuance of the zoning permit for the Patel Property is the subject of a related appeal before this Court. *See Charles St. John, LLC v. Matamoras Borough Council Zoning Hearing Board,* __ A.3d __ (Pa. Cmwlth No. 347 C.D. 2023).

[2] 53 P.S. § 11002-A(a) (prescribing 30-day filing deadline for land use appeals). That provision reads as follows:

> (a) All appeals from all land use decisions rendered pursuant to Article IX1 shall be taken to the court of common pleas of the judicial district wherein the land is located and shall be filed within 30 days after entry of the decision as provided in 42 Pa.C.S. § 5572 (relating to time of entry of order) or, in the case of a deemed decision, within 30 days after the date upon which notice of said deemed decision is given as set forth in section 908(9)2 of this act. It is the express intent of the General Assembly that, except in cases in which an unconstitutional deprivation of due process would result from its application, the 30-day limitation in this section should be applied in all appeals from decisions.

> *Id.*

presented the testimony of Roby, who relayed that he purchased the property neighboring the Patel Property in June of 2005.

Roby testified that the building on his property is comprised of three apartments, that he has resided in one of the apartments since 2018, and that he rents out the remaining units. (Reproduced Record (R.R.) at 60a-61a.) Roby indicated that he had served on both the Zoning Hearing Board (ZHB) and the PC in the past and that he was a member of the PC at the time of Patel's initial filings. (R.R. at 69a.) After Roby left the PC, he remained involved as a private citizen and he voiced his concerns about the plans for the Patel Property at meetings and in writing. (R.R. at 71a-83a.)

Roby testified on cross-examination that, through his former positions on the ZHB and PC, he was familiar with the Borough's zoning and planning ordinances. When asked by counsel if he understood that, following approval of a land development plan, the Council was required to send notice to the applicant shortly thereafter, Roby replied: "I believe so." (R.R. at 123a.)[3] Roby relayed that he was present at the January 3, 2022 Council meeting when the Patel project was approved and he acknowledged that he did not appeal the Decision within 30 days, although he had retained counsel to litigate against the Borough. (R.R. at 209a-13a.) Roby also testified that he had the opportunity to participate in the public meetings held before both the PC and the Council.

On October 18, 2022, the trial court entered an Order quashing Appellant's appeal as untimely and dismissing it with prejudice. In doing so, the court emphasized that Roby attended the Council meeting where Patel's application was

---

[3] Section 508(1) of the MPC mandates that the decision of a governing body "shall be in writing and shall be communicated **to the applicant** personally or mailed to him at his last known address no later than 15 days following the decision." 53 P.S. § 10508(1) (emphasis added).

reviewed and approved, that he clearly was aware of the approval, and that he did not appeal the decision until more than three months later.  (Trial Ct. Op., 10/18/22, at 2.) The trial court concluded that, based on the record and testimony presented at the hearings, Appellant failed to establish any procedural defect in the proceedings warranting an exception to the 30-day deadline to appeal.  This appeal followed.

## II. Analysis

Appellant contends the trial court's quashal of its appeal was erroneous and the appeal period never began to run because: (1) there is no evidence the "Applicant or anyone else" was served with the written Decision; and (2) the written decision itself is invalid, as it incorrectly identified the proposed use of the Patel Property as Retail Sales permitted in the C-2 District, instead of requiring him to obtain Conditional Use[4] approval.  (Appellant's Br., at 24-31.)[5]

As previously noted, Section 1002–A(a) of the MPC imposes a 30-day deadline on all land use appeals.  It provides in relevant part:

> **All appeals from all land use decisions** rendered pursuant to Article IX [relating to the zoning hearing board and other administrative proceedings] shall be taken to the court of common pleas of the judicial district wherein the land is located and **shall be filed within 30 days after entry of the decision as provided in 42 Pa.C.S. § 5572** (relating to time of entry of order) . . . **It is the express intent of the General Assembly that, except in cases in which an unconstitutional deprivation of due process would result**

---

[4] "A conditional use is a special exception which falls within the jurisdiction of the municipal legislative body rather than the zoning hearing board."  *In re Richboro CD Partners, L.P.*, 89 A.3d 742, 745 (Pa. Cmwlth 2014).

[5] Because Appellant's issue involves application of the MPC and presents a question of law, our standard of review is *de novo* and our scope of review is plenary.  *Narberth Borough v. Lower Merion Township*, 915 A.2d 626, 634 (Pa. 2007).

4

> **from its application, the 30-day limitation in this section**
> **should be applied in all appeals from decisions**.

53 P.S. § 11002-A(a) (emphasis added). In turn, Section 5572 of the Judicial Code provides that the date of entry of a decision is the date of service, "which shall be the date of mailing if service is by mail." 42 Pa.C.S. § 5572.

With respect to this appeal period, our Supreme Court has held that it begins to run on the date of the governing body's mailing of the written decision, explaining: "The MPC . . . creates a period of time during which all appeals must be filed and it specifies a triggering event, the mailing or other direct communication of the written decision, that begins the running of that time[.]" *Narberth Borough,* 915 A.2d at 636. As to service of the decision, the MPC "requires communication of the decision in writing to the applicant in person or by mail. Nothing in the statute requires or even suggests that an objector is entitled to a copy of the written decision." *Id.* at 634 n.7 (citing Section 508(1) of the MPC, 53 P.S. § 10508(1)).

Instantly, because the Council issued its written Decision on January 11, 2022 the 30-day deadline for Appellant to file a timely appeal in the trial court was February 10, 2022. Appellant, however, filed its appeal on April 6, 2022, two months after the appeal period expired. While the MPC carves out an exception for the limited circumstance where application of the 30-day deadline would result in an **unconstitutional deprivation of due process**, Appellant has fallen far short of establishing that it meets this exception. *See* Section 1002(a) of the MPC, 53 P.S. § 11002-A(a). Instead, the record plainly reflects that Appellant, through its sole owner Roby, was well aware of the Patel project from its inception and actively opposed it throughout the review process. Additionally, Roby was a former member of both the ZHB and PC and he testified to his familiarity with the relevant ordinances and approval processes. Further, Roby testified that he was present at the Council meeting

at which the Patel project was approved, was aware that a written decision would be issued shortly thereafter and that he nonetheless did not file an appeal within 30 days. Appellant's claims of lack of evidence of service of the written Decision on "anyone" and of incorrect identification of the proposed use for the Patel Property as Retail, do not implicate any due process violation warranting an exception to the 30-day deadline to appeal. Accordingly, we affirm trial court's order quashing the appeal.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles St. John, LLC,  :
                Appellant  :
                 :
        v.  :   No.   1284 C.D. 2022
                 :
Matamoras Borough Council  :
                 :
        v.  :
                 :
Pareshkumar Patel  :

## _ORDER_

AND NOW, this 4th day of June, 2024, the Order of the Court of Common Pleas of Pike County dated October 22, 2022 is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge